IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ALLISON ADAMS, *et al.*,

    Plaintiffs,

v.        No. 14-2990

DIVERSICARE LEASING CORP.,
*et al.*,

    Defendants.

___

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND
SUBSTITUTED COMPLAINT
___

Before the Court is Plaintiffs' motion for leave to file a second[1] amended and substituted complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, which has been fully briefed by the parties. (Docket Entries ("D.E.") 26–28.) For the reasons discussed below, the motion is GRANTED.

*Background*[2]

On December 16, 2014, forty seven[3] Plaintiffs filed this joint action against Defendants, Diversicare Leasing Corp., Diversicare Management Services Co., Advocat, Inc. n/k/a Diversicare Healthcare Services, Inc., and John Does 1–30 ("Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Tennessee law. (D.E. 1.) Plaintiffs are current and former hourly, non-exempt employees who held various positions at

---

[1] Plaintiffs move to file a first amended complaint; however, they filed a first amended complaint as of right on December 16, 2014. (*See* D.E. 3.)

[2] The factual allegations are taken from the proposed complaint (D.E. 26-1), and are accepted as true for the purposes of this motion. *See Shaughnessy v. Interpublic Grp. of Cos., Inc.*, 506 F. App'x 369, 373–74 (6th Cir. 2012).

[3] Forty six Plaintiffs are joined in the proposed complaint now before the Court as Brenda Schatz has been dismissed because she was not employed at a Tennessee facility owned by the Defendants. (D.E. 26 at 1.)

skilled nursing facilities in Tennessee that are owned and operated by the Defendants. They were typically scheduled to work exactly forty hours per week and were subject to an automatic thirty-minute meal deduction policy even though they often performed compensable work during this break. They were also required to complete work-related tasks before and after their shifts without compensation. These policies caused Plaintiffs to work more than forty hours per week, in violation of the FLSA.

Plaintiffs also claim that Defendants were unjustly enriched by receiving the benefit of the work performed during breaks and off-the-clock without paying for it. Finally, Defendants are liable under a theory of promissory estoppel because they unambiguously promised to pay Plaintiffs, who reasonably relied on this promise and materially changed their position, for the time they worked during their breaks or off-the-clock.

Defendants moved to dismiss the first amended complaint under Rule 12(b)(6), Rule 12(b)(3) and Rule 21 of the Federal Rules of Civil Procedure. (D.E. 20.) Plaintiffs filed this motion, which Defendants oppose, contending that amendment would be futile. (D.E. 26–28.)

*Legal Standard*

Rule 15 of the Federal Rules of Civil Procedure directs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When a court denies a party leave to amend based on futility, it is determining that the proposed complaint "'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). On a motion to dismiss under Rule 12(b)(6), courts must construe the proposed complaint "in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Therefore, the dispositive question becomes whether the proposed complaint contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams*, 771 F.3d at 949 (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)).

Rule 8 of the Federal Rules of Civil Procedure sets out a liberal pleading standard, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "'[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). The proposed complaint "must go beyond 'labels and conclusions' or a mere 'formulaic recitation of the elements of a cause of action,'" to survive a motion to dismiss. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Analysis*

Defendants present two arguments supporting their contention that amendment would be futile: (1) the proposed complaint is subject to dismissal for misjoinder; and (2) the proposed complaint fails to state a claim for relief under Rule 8.

**I.      Misjoinder**

Rule 20 of the Federal Rules of Civil Procedure allows for the permissive joinder of plaintiffs in a single action if:

(A)    they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)    any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). These two requirements must be satisfied before joinder is proper. *See* 7 Charles A. Wright, et al., *Federal Practice & Procedure* § 1653 (3d ed. 2015). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 324 (S.D. Ohio 2002) ("Courts liberally permit joinder under Rule 20(a).").

However, even if plaintiffs satisfy these two requirements, a court has discretion to deny joinder "in the interest of avoiding prejudice and delay, . . . ensuring judicial economy, . . . or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted). Rule 21 of the Federal Rules of Civil Procedure provides that,

[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21; Wright, *supra*, at § 1684 ("If a party is improperly joined, the appropriate remedy is to move under Rule 21 either to drop the party or for a severance of the claim by or against the party.").

At the outset, Defendants' contention that amendment is futile because the proposed complaint is subject to dismissal for misjoinder is without merit because, "[m]isjoinder of parties is not sufficient to dismiss an action as a whole" under Rule 21, but "it can be sufficient to dismiss misjoined parties." *Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, at *4 (E.D. Mich. Dec. 30, 2008). Defendants' remaining misjoinder argument focuses on the fact that the Plaintiffs worked at different Tennessee facilities, for different supervisors, at different times, and that each facility had variations in the rules related to compensable work performed by employees during their breaks and off-the-clock. (D.E. 27 at 9.) Defendants aver that Plaintiffs' claims of uniform time and payroll policies across the Tennessee facilities are unsupported legal conclusions masquerading as factual allegations. (*Id.*)

While not specifically asking the Court to take judicial notice, the Defendants' misjoinder argument relies on the analysis found in a decertification order entered by the United States District Court for the Western District of Arkansas in *Hamilton v. Diversicare Leasing Corp.*, No. 1:12-cv-1069, 2014 WL 4955799 (W.D. Ark. Oct. 1, 2014). (D.E. 27 at 8–9.) "The factual record that the Court may consult in ruling on a motion to dismiss under Rule 12(b)(6) is generally limited to the facts in the complaint and exhibits attached to it." *AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 942 (W.D. Tenn. 2010) (citing *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)). However, "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice,' can also be considered when ruling on a motion to dismiss. *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Matters such as other court proceedings are an appropriate subject of which courts may take judicial notice. *Id.* (citing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)). The Court will take judicial notice of the *Hamilton* decertification

order because it is referenced throughout the proposed complaint, and is a proper type of other court proceeding of which the Court may take judicial notice.

However, the analysis contained in the decertification order is unhelpful to the determination of whether permissive joinder of the Plaintiffs is proper in this case. In *Hamilton*, the district court was considering whether 1,592 opt-in plaintiffs—from eight states and numerous facilities—were so similarly situated that they could bring their FLSA claims as a collective action. *See Hamilton*, 2014 WL 4955799, at *1–5. The court found they were not, because the plaintiffs failed to offer any evidence that the defendants did not properly compensate their employees for missed breaks anywhere besides Arkansas, and because of the disparate employment settings and individualized defenses. *Id.* at *4–5.

By contrast, most of the Plaintiffs here are current or former hourly, non-exempt employees of Defendants' Tennessee facilities who allege that because of certain policies, they typically worked more than forty hours per week, without receiving the appropriate overtime pay, in violation of the FLSA. (Proposed Am. Compl. ¶¶ 84–86, 131–35, 143–45, 155–57.) Plaintiffs further allege that Defendants are liable under theories of unjust enrichment and promissory estoppel. (*Id.* ¶¶ 158–68.)

Turning now to the Rule 20 requirements, determining if a particular factual situation constitutes the same transaction or occurrence for the purposes of permissive joinder requires a case-by-case analysis of the facts alleged in the complaint. Wright, *supra*, § 1653. The Sixth Circuit has held that "[t]he words 'transaction or occurrence' are [to be] given a broad and liberal interpretation in order to avoid a multiplicity of suits.'" *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969) (citation omitted). Plaintiffs' allegations, taken as true for the purposes of this motion, arise out of the

same transactions or occurrences—their employment at Defendants' Tennessee facilities, and the application of uniform workplace policies which caused them to work in excess of forty hours per week in violation of the FLSA, or work without being compensated in violation of state law.

"The second requisite that must be satisfied to sustain permissive joinder of parties is that a question of law or fact common to all the parties will arise in the action." Wright, *supra*, § 1653. This does not require that every question of law or fact be common among the parties, only that there be at least one common law or fact question. *Id.*; *Worldwide Digital Entm't, LLC v. Woodstone Deli and Sports Grill*, No. 2:13-CV-136, 2014 WL 2442634, at *2 (E.D. Tenn. May 30, 2014) ("The common question test does not require that all questions of law and fact raised by the dispute be common.") (internal quotation marks omitted) (citation omitted). "This test is usually easy to satisfy." *Id.* Here, Plaintiffs allege that Defendants' workplace policies violated the FLSA and Tennessee law. Accepting these allegations as true, the Court finds that the Plaintiffs have shown that their federal and state law claims will share at least one common question of law or fact, such that permissive joinder is proper.

Finally, the Court finds that allowing the Plaintiffs to proceed jointly under Rule 20 would not result in prejudice to the Defendants as this case is relatively new, the parties just conducted a scheduling conference and entered a scheduling order, and it is not fundamentally unfair to Defendants because the Plaintiffs are not alleging new claims or adding new parties, but merely adding factual support to the claims already before the Court.

## II. **Failure to State a Claim**

### A. *FLSA*

Defendants contend that the addition of some of the Plaintiffs' job titles and information about which facilities they worked in is still insufficient to state a plausible claim to relief under

the FLSA, making amendment futile. (D.E. 27 at 1–3.) Defendants note that while the Sixth Circuit has not yet ruled on what factual allegations must be pled to state a plausible claim under the FLSA following the Supreme Court's decisions in *Twombly v. Bell Atl. Corp.*, 550 U.S. 544 (2007), and *Iqbal v. Ashcroft*, 556 U.S. 662 (2009), they ask the Court to adopt the holdings of the First, Second, Third, and Ninth Circuits. (*Id.* at 4–7.) Plaintiffs state that the proposed complaint adds sufficient factual matter to state a FLSA claim that satisfies Rule 8's standards, and they are not required to identify specific dates and times they actually worked in excess of forty hours to plausibly state a FLSA claim. (D.E. 28 at 1–4.)

In *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), the Ninth Circuit noted that prior to *Twombly* and *Iqbal*, in order to bring a claim under the FLSA, a plaintiff need only "allege that the employer failed to pay the employee minimum wages or overtime wages." *Id.* at 641 (citation omitted). However, following *Twombly* and *Iqbal*, courts must now consider whether a complaint contains sufficient factual allegations that plausibly state a claim for relief. *Id.* Observing that other courts considering this issue in the context of FLSA claims have been divided, the *Landers* court articulated some common themes, including that "[n]o circuit court has interpreted Rule 8 as requiring FLSA plaintiffs to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." *Id.* at 641–42. Beyond that, the Ninth Circuit noted that there was "no consensus on what facts must be affirmatively pled to state a viable FLSA claim post-*Twombly* and *Iqbal*." *Id.* at 642.

Summarizing opinions from the First, Second, and Third Circuits, the *Landers* court concluded that in order to survive a motion to dismiss, "a plaintiff asserting a claim to overtime payments must allege that [they] worked more than forty hours in a given workweek without

8

being compensated for the overtime hours worked during that workweek." *Id.* at 644–45 (citations omitted). Like the other circuits that had previously addressed the issue, the *Landers* court "decline[d] to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA[,]" because most of the relevant information concerning a plaintiff's wages and schedule is in the employer's control. *Id.* at 645. However, "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that [they] worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* (citations omitted).

District courts in the Sixth Circuit confronting the issue of whether to embrace the First, Second, Third, and Ninth Circuit's holdings have adopted a more lenient course in determining what facts must be pled to state a plausible FLSA claim. In *Pope v. Walgreen Co.*, No. 3:14-CV-439, 2015 WL 471006 (E.D. Tenn. Feb. 4, 2015), the district court, while recognizing that "'[t]he level of detail necessary to plead a FLSA overtime claim . . . [is] one that has divided courts around the country[,]'" *id.* at *2 (quoting *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)), noted that "district courts within the Sixth Circuit have applied a less strict approach." *Id.* at *3–4 (collecting cases). The court found that the plaintiffs' factual allegations that they were employed by the defendant and worked regularly and repeatedly in excess of forty-four hours per week without receiving overtime pay was sufficient to state a claim for relief under Rule 8. *Id.* at *4. The complaint "provid[ed] Defendants with sufficient notice of the allegations to form a response." *Id.* (internal quotation marks omitted) (citation omitted). Further, "[t]o require the present plaintiffs to each specify in their complaint a particular week in which they worked more than 40 hours without overtime pay would, again, be rigidly harsh and inconsistent with *Iqbal* and *Twombly*." *Id.* at *5.

9

Similarly, in *Doucette v. DIRECTV, Inc.*, No. 2:14-cv-2800-STA-tmp, 2015 WL 2373271 (W.D. Tenn. May 18, 2015), the court denied defendants' motion to dismiss, finding that the plaintiffs' allegations that the defendants' policies caused them to constantly work in excess of forty hours per week was sufficient to state a claim under the FLSA, even though they failed to provide any calculations of the unpaid overtime wages owed, or to allege a specific workweek in which they worked more than forty hours without being paid overtime. *Id.* at *6–8.

Here, Plaintiffs contend that they and Defendants meet the FLSA's definitions of employee and employer. (Proposed Am. Compl. ¶¶ 84–96, 122–23, 152–54.) They insist that they were typically scheduled to work exactly forty hours per week. (*Id.* ¶ 131.) Defendants implemented a companywide break deduction policy that automatically deducted thirty minutes per shift, and a policy that required Plaintiffs to perform work off-the-clock. (*Id.* ¶¶ 130, 143.) Plaintiffs further argue that they were required to work through their meal breaks and off-the-clock, which caused them to work in excess of forty hours per week, in violation of the FLSA. (*Id.* ¶¶ 133–45.) While close, these factual allegations are sufficient to give rise to a "plausible suggestion" of a claim under the FLSA. *Twombly*, 550 U.S. at 566. Defendants have sufficient notice of the factual allegations supporting the FLSA claims in which to form a response. *See Pope*, 2015 WL 471006, at *4.

While Defendants argue that no Plaintiff has identified any specific week in which they worked uncompensated overtime, what their actual schedules were, or identified any meals actually missed, at this stage of the litigation that type of specificity is not required, especially where the relevant information is in the custody and control of the Defendants. *See Landers*, 771 F.3d at 645. Also, unlike the plaintiffs in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), who failed to allege any week in which they worked in excess of forty

10

hours, *id.* at 114–15, Plaintiffs assert that they were typically scheduled to work exactly forty hours per week, but were required to do compensable work during breaks and off-the-clock, which caused them to work in excess of forty hours. These allegations state a plausible claim for relief under the FLSA. Therefore, granting leave to file an amended complaint would not be futile.

### B. *Promissory Estoppel*

Defendants also maintain that amendment would be futile as to Plaintiffs' promissory estoppel claims because they would still be subject to dismissal for failure to state a claim for relief. (D.E. 27 at 7–8.) In Tennessee, promissory estoppel is described as "'[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance.'" *Shedd v. Gaylord Entm't Co.*, 118 S.W.3d 695, 700 (Tenn. Ct. App. 2003) (quoting *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982)). This promise "is binding if injustice can be avoided only by enforcement of the promise." *Id.* (internal quotation marks omitted) (citation omitted). A plaintiff must show "(1) that a promise was made; (2) that the promise was unambiguous and not unenforceably vague; and (3) that they reasonably relied upon the promise to their detriment." *Chavez v. Broadway Elec. Serv. Corp.*, 245 S.W.3d 398, 404 (Tenn. Ct. App. 2007) (citations omitted).

Here, Plaintiffs allege that Defendants maintained an unambiguous and clear policy and promise to pay their employees for all the time they worked. (Proposed Am. Compl. ¶¶ 165–66.) They reasonably relied on this promise, and materially changed their positions, by performing compensable work during their breaks, and before and after their shifts, such that it would be unjust to allow the Defendants to retain that benefit without compensating them. (*Id.* ¶¶ 167–

11

68.) Accepting these allegations as true, the Court finds that the Plaintiffs have plausibly stated a promissory estoppel claim.

### C. Unjust Enrichment

In Tennessee, "[t]he theory of unjust enrichment is 'founded on the principle that a party receiving a benefit desired by him, under circumstances rendering it inequitable to retain it without making compensation, must do so.'" *MDT Servs. Grp., LLC v. Cage Drywall, Inc.*, No 3:12-CV-1080, 2015 WL 736932, at *9 (M.D. Tenn. Feb. 20, 2015) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1996)). Plaintiffs bringing an unjust enrichment claim must establish three elements: "1) '[a] benefit conferred upon the defendant by the plaintiff'; 2) 'appreciation by the defendant of such benefit'; and 3) 'acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Id.* (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)).

Here, Plaintiffs allege that they provided a valuable service by performing compensable work during their breaks and before and after their shifts, and Defendants knew they were providing this service with the expectation that they would be paid, and unjustly accepted this benefit without paying them. (Proposed Am. Compl. ¶¶ 159, 161–62.) Again, accepting these allegations as true, the Plaintiffs have adequately stated a plausible claim of promissory estoppel. *See Carter v. Jackson-Madison Cnty. Hosp. Dist.*, No. 1:10-cv-01155-JDB-egb, 2011 WL 1256625, at *7–8 (W.D. Tenn. Mar. 31, 2011) (finding that the plaintiffs had sufficiently stated an unjust enrichment claim when they alleged that the Defendant failed to pay them for tasks performed during automatically deducted meal breaks).

### III. <u>Deficiencies in Proposed Complaint</u>[4]

Thirteen Plaintiffs have not provided any information about which Tennessee facility they worked at, whether they worked during their breaks or before and after their shifts without being paid for that time and, instead, only allege that they consented to join the dismissed FLSA collective action in *Hamilton* and again do so here. (*See* Proposed Am. Compl. ¶¶ 11, 18, 31, 38, 45, 48–49, 54–55, 70–71, 74, 83.) However, this is not a collective action; instead, each Plaintiff's claims are individually before the Court. Without more, these specific Plaintiffs have failed to plead sufficient facts to give rise to a plausible suggestion that Defendants' actions violated the FLSA or Tennessee law. Defendants do not know if these Plaintiffs worked in Tennessee, worked off-the-clock, or worked during their mandatory break. Even under the Rule 8's liberal pleading standards, these allegations are insufficient to state a viable claim for relief. Plaintiffs have fourteen days from the entry of this order to provide the necessary information to support their claims. Failure to do so will result in their dismissal from this action.

Finally, Defendants maintain that the claims of two Plaintiffs should be dismissed because they were members of a FLSA collective action that settled. (D.E. 27 at 3.) Defendants provided copies of consents these two Plaintiffs allegedly submitted in the prior matter. (D.E. 27-1 and 27-2.) However, these consents are not the kind of subject the Court may take judicial notice of as they are not court proceedings, and were not referenced throughout the Plaintiffs' proposed complaint. Further, the consents do not conclusively establish that these two individuals are the same Plaintiffs joined in this action. However, if it is later determined that

---

[4] Defendants contend that some of the Plaintiffs' job titles might categorize them as management-level employees, which are exempt from the FLSA. (D.E. 27 at 9–10.) As FLSA exemptions are "affirmative defense[s] on which the employer has the burden of proof," *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974), the Court finds that Defendants' assertion on this issue, without more, is insufficient to show that amendment would be futile.

those two individuals' claims were resolved, Defendants may move to dismiss them under Rule 21 as misjoined.

**IV.     Defendants' Motion to Dismiss**

Because the Court grants the motion for leave to file an amended complaint, Defendants' motion to dismiss is DENIED AS MOOT.

*Conclusion*

The motion for leave to file an amended complaint is GRANTED. Plaintiffs are directed to file an amended complaint consistent with this Court's ruling no later than fourteen days after entry of this order.

IT IS SO ORDERED this 10th day of July, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE